**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-14215

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

XAVIER LADERRICK WALLACE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:24-cr-60058-AHS-1

_____

Before NEWSOM, BRANCH, and WILSON, Circuit Judges.

PER CURIAM:

Xavier Wallace was convicted of cyber harassment and sentenced, following a downward variance, to a 36-month prison sentence. He argues on appeal that the court imposed a substantively

unreasonable sentence because it (1) failed to properly consider his mental health, his lack of criminal history, and his unique family dynamics, (2) gave significant weight to its improper judgment regarding a letter from Wallace's mother, and (3) made inappropriate comments to Wallace that exhibited bias.

We review the substantive reasonableness of a sentence for abuse of discretion, considering the totality of the circumstances and the extent of any variance from the guideline range. *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court abuses its discretion if it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation omitted).

But the weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). A "district court's failure to give mitigating factors the weight a defendant contends they deserve does not render the sentence unreasonable." *See United States v. Lebowitz*, 676 F.3d 1000, 1016–17 (11th Cir. 2012) (quoting *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007) (citation modified)).

The district court also has wide discretion to conclude that the § 3553(a) factors justify a variance. *Oudomsine*, 57 F.4th at 1266. If a district court determines that a variance is warranted, it "must consider the extent of the deviation and ensure that the justification

is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50.

Based on his offense level and criminal history, Wallace's guideline range was 37 to 46 months following his guilty plea. Though he sought a ten-month downward variance—which would have brought his sentence to 27 months—he was sentenced to a 36-month term of imprisonment per count, a one-month downward variance.

The district court properly considered the § 3553(a) factors and sentenced Wallace accordingly—below the guidelines range. Wallace's argument that the court abused its discretion by failing to consider his lack of criminal convictions, his mental health, and his unique family context finds no support in the record. The same goes for Wallace's argument that the court's commentary and focus on his mother was an irrelevant factor that distracted from the § 3553(a) factors. In fact, the record refutes Wallace's assertion that his mother's letter was a "significant distraction" from the § 3553(a) factors, as the court properly considered Wallace's mental health, his criminal history, and the nature of the offense—the very same factors he says the court ignored. There is simply no evidence to support Wallace's argument that the district court's negative comments about his mother's letter impacted his one-month downward variance. For the same reasons, Wallace's argument that the district court exhibited bias likewise fails.

Wallace has not shown that the district court abused its discretion.

4                          Opinion of the Court                          24-14215

**AFFIRMED.**